Robert L. Hill, Esq. (State Bar No. 241624)
**LAW OFFICES OF ROBERT L. HILL, APC**
5055 Avenida Encinas, Suite 100
Carlsbad, CA 92008
Office: (760) 448-4425
Fax: (866) 579-5802
rhill@rlhfirm.com

Attorneys for Defendants JAYANTI P. DESAI and SMITA J. DESAI, individually and as trustees of THE J.P. and S.J. DESAI FAMILY TRUST DATED 09/02/97 and for SARJU J. DESAI and SEJAI R. DESAI, individually and as trustees of THE SARJU AND SEJAI DESAI REVOCABLE LIVING TRUST DATED SEPT. 3, 2019

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> TREAZA MAKAR, an individual; JAYANTI P. DESAI and SMITA J. DESAI, individually and as trustees of THE J.P. and S.J. DESAI FAMILY TRUST DATED 09/02/97; SARJU J. DESAI and SEJAI R. DESAI, individually and as trustees of THE SARJU AND SEJAI DESAI REVOCABLE LIVING TRUST DATED SEPT. 3, 2019; and DOES 1-10, inclusive, <br><br> Defendants. | Case No: 8:20-cv-02198-DOC-KES <br><br> **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW CAUSE OF ACTION** <br><br> **[FRCP 12(b)(1); 28 U.S.C. §1367(c)]** <br><br> Hearing Date:  February 8, 2021 <br> Hearing Time:  8:30 a.m. <br> Courtroom:    9D <br> Judge:        Hon. David O. Carter <br><br> Action Filed: November 17, 2020 <br> Trial Date:   None Set |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................... 1

II.  STATEMENT OF ALLEGED FACTS ..................................................... 2

III. LEGAL STANDARD FOR SUPPLEMENTAL JURISDICTION .............. 4

IV. THE ADA AND THE UNRUH ACT ....................................................... 5

    A.  The ADA .......................................................................................... 5

    B.  The Unruh Act ................................................................................ 5

V.  LEGAL ARGUMENT ................................................................................ 6

    A.  Plaintiff's Unruh Act Claim Substantially Predominates
        Over His ADA Claim ..................................................................... 6

    B.  Exceptional Circumstances Support Declining
        Supplemental Jurisdiction ............................................................. 7

VI. CONCLUSION ....................................................................................... 10

**TABLE OF AUTHORITIES**

**CASES**                                                                                                    **PAGE**

*Acri v. Varian Associates, Inc.*,
    114 F.3d 999 (9th Cir. 1997) ...................................................................... 6

*Botosan v. Paul McNally Realty*,
    216 F.3d 827 (9th Cir. 2000) ...................................................................... 6

*Exec. Software N. Amer., Inc. v. U.S. District Court*,
    24 F.3d 1545 (9th Cir. 1994) ...................................................................... 5

*Hanna v. Plumer*,
    380 U.S. 460 (1965) .................................................................................. 10

*Hamilton v. Roth*,
    624 F.2d 1204 (3rd Cir. 1980) ................................................................... 10

*Kokkonen v. Guardian Life Ins. Co. of America*,
    511 U.S. 375 (1994) .................................................................................... 4

*Lentini v. Cal. Center for the Arts, Escondido*,
    370 F.3d 837 (9th Cir. 2004) ...................................................................... 5

*Molski v. Hitching Post I Restaurant, Inc.*,
    CV 04-1077SVWRNBX,
    2005 WL 3952248 (C.D. Cal. May 25, 2005)………………………….7, 10

*Org. for the Advancement of Minorities with Disabilities v. Brick Oven Rest.*,
    406 F. Supp. 2d 1129 (S.D. Cal. 2005)…………………………....6, 7, 10

*San Pedro Hotel Co. v. City of Los Angeles*,
    159 F.3d 470 (9th Cir. 1998) ...................................................................... 4

*Schutza v. Cuddeback*,
    262 F. Supp. 3d 1025 (S.D. Cal. 2017)………………………….4, 5, 7, 10

*Wander v. Kaus*,
    304 F.3d 856 (9th Cir. 2002) ...................................................................... 5

*United Mine Workers of America v. Gibbs*,
 383 U.S. 715 (1966)..................................................................................6

**RULES AND STATUTES**                                                                 **PAGE**

28 U.S.C. § 1367………………………………………………………….....1, 4-6

42 U.S.C. § 12182 .............................................................................................5

Cal. Civ. Code §§51-53 ....................................................................................2

Cal. Civ. Code §51..........................................................................................5

Cal. Civ. Code §52..........................................................................................6

Cal. Code Civ. Proc. §425.50 .......................................................................8-9

Cal. Code Civ. Proc. §425.55……………………………………………...7-8

Cal. Gov. Code §70616.5................................................................................9

Fed. Rule Civ. Proc. 12(b)(1) .....................................................................1, 4

## I. INTRODUCTION

Defendants JAYANTI P. DESAI and SMITA J. DESAI, individually and as trustees of THE J.P. and S.J. DESAI FAMILY TRUST DATED 09/02/97, and SARJU J. DESAI and SEJAI R. DESAI, individually and as trustees of THE SARJU AND SEJAI DESAI REVOCABLE LIVING TRUST DATED SEPT. 3, 2019 (collectively "Defendants") respectfully request the Court decline to exercise supplemental jurisdiction over Plaintiff's state law cause of action for violation of California's Unruh Civil Rights Act §§51-53 ("the Unruh Act"), pursuant to FRCP 12(b)(1) and 28 U.S.C. §1367(c).

Plaintiff James Rutherford ("Plaintiff") is a serial litigator who has filed **_332 disabled-access lawsuits_** in this District within one year of his filing of this action. *See Defendants' Request for Judicial Notice ["RJN"], Ex. A.* Plaintiff filed 91 of these cases just in the three-month period preceding the filing of this Complaint, and he filed eight other lawsuits on the same day as this one was filed. *Defendants' RJN.* According to counsel's review of these dockets, it does not appear that any of these cases have been decided on the merits. Instead, Plaintiff sues, settles, and moves to the next case.

Plaintiff's decision to file these cases in federal court (instead of state court) is tactical and amounts to forum-shopping. The California Legislature has taken efforts to combat these predatory lawsuits by enacting heightened pleading requirements, requiring a verified complaint, and imposing a $1,000.00 filing fee on high-frequency litigants like Plaintiff. Plaintiff is filing these cases with this Court in order to circumvent this statutory scheme.

Defendants respectfully request this Court join the increasing number of other District Courts to take steps to stop this Plaintiff – and his attorneys – from engaging in this exploitation of the legal system. The Court can do so by declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, for two reasons.

First, Plaintiff's Unruh Act claim substantially predominates over his federal Americans with Disability Act ("ADA") claim. Plaintiff alleges Defendants' business premises violate the ADA and the Unruh Act in four distinct ways. *See Complaint ¶13*. But the ADA would only entitle Plaintiff to injunctive relief. In contrast, Plaintiff has the opportunity to recover monetary damages – in the form of statutory damages of $4,000.00 for each of these alleged violations (plus additional "deterrence damages") – under his Unruh Act claim. Like the hundreds of other identical lawsuits Plaintiff has filed against other small businesses, it is these monetary damages that Plaintiff, and his counsel, craves. Therefore, the Unruh Act claim predominates over the ADA claim, and this state law claim should be left to the California state court to consider and resolve.

Second, there are exceptional circumstances, supported by compelling reasons, for the Court to decline to exercise supplemental jurisdiction over the California claim. As noted above and detailed herein, the California Legislature has enacted a statutory scheme to curb these precise types of extortion lawsuits. Plaintiff filed this action in this Court in a transparent attempt to avoid having to satisfy these prerequisites. Defendants respectfully submit that Plaintiff's forum-shopping should not be rewarded and his Unruh Act claim dismissed.

## II. STATEMENT OF ALLEGED FACTS

Plaintiff filed this public-accommodations disability discrimination lawsuit on November 17, 2020, against Treaza Makar – who Plaintiff alleges is the owner and operator of Anaheim Liquor ("the Business") – and Defendants, who are the owners of the Property upon which the Business is located. *Docket No. 1 [Complaint] ¶¶2-5*.

In his Complaint Plaintiff asserts a federal cause of action under the Americans with Disability Act ("ADA") and a cause of action under California's Unruh Civil Rights Act, codified at California Civil Code §§ 51-53 ("the Unruh Act"). *Complaint ¶¶30-39*. Plaintiff correctly alleges that the Court has subject matter jurisdiction over

the ADA claim based upon federal question jurisdiction. *Complaint ¶8*. Plaintiff requests the Court exercise supplemental jurisdiction over his state law Unruh Act claim. *Complaint ¶9*.

Plaintiff alleges he went to the Business on October 3, 2020. *Complaint ¶11*. He alleges that during this visit he encountered the following four violations of the ADA and the Unruh Act:

> At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: an accessible parking space that is not located on the shortest accessible route to the entrance per Section 208.3.1 (Parking spaces complying with 502 that serve a particular building or facility shall be located on the shortest accessible route from parking to an entrance complying with 206.4. Where parking serves more than one accessible entrance, parking spaces complying with 502 shall be dispersed and located on the shortest accessible route to the accessible entrances. Here, the only accessible parking space is located at the end of the building); an accessible route leading directly from the accessible parking space access aisle to the entrance that is excessively sloped (The running slope of walking surfaces shall not be steeper than 1:20. The cross slope of walking surfaces shall not be steeper than 1:48, per Section 403.3); no accessible routes connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2 (which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site, and 206.1 requiring access to the site arrival point (main entrance) from the public street); and, a 6.7% slope in the walkway leading to the entrance which requires handrails per Section 505.

*Complaint ¶13*. Plaintiff further alleges, upon information and belief, that additional ADA violations exist at the Property. *Complaint ¶16*.

Based on these allegations, Plaintiff seeks injunctive relief under the ADA, statutory damages of $4,000.00 per violation pursuant to the California Unruh Act,

an additional $4,000.00 per violation under the Unruh Act as "deterrence damages," and attorney's fees and costs. *Complaint, p. 10 (Prayer for Relief)*.

### III.   LEGAL STANDARD FOR SUPPLEMENTAL JURISDICTION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). A district court, therefore, may dismiss a plaintiff's claim if the Court concludes it lacks subject matter jurisdiction to adjudicate the claim. *Fed. Rule of Civ. Proc. 12(b)(1)*.

In any civil action where the district court has original jurisdiction, the court also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *28 U.S.C. §1367(a)*. But, pursuant to this same code section, a district court may decline to exercise supplemental jurisdiction over a state law claim if:

>   (1)   the claim raises a novel or complex issue of State law,
>
>   (2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   (3)   the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*28 U.S.C. §1367(c)*.

The Court may decline supplemental jurisdiction if it finds that any of these four provisions applies. *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998); *see also Schutza v. Cuddeback*, 262 F.Supp.3d 1025, 1028 (S.D. Cal. 2017). If the Court declines supplemental jurisdiction pursuant to any of the first three sections of the statute – 28 U.S.C. §§1367(c)(1)-(3) – the Court is not required to state its reasons for dismissal. *Id*. But, if the Court declines jurisdiction pursuant

to the "exceptional circumstances" provision of section 1367(c)(4), "the court must 'articulate why the circumstances of the case are exceptional' and consider whether values of judicial economy, convenience, fairness, and comity provide compelling reasons for declining jurisdiction." *Schutza*, 262 F.Supp.3d at 1028, *quoting Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1552 (9th Cir. 1994).

## IV. THE ADA AND THE UNRUH ACT

### A. The ADA

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *42 U.S.C. §12182(a)*. A plaintiff need not prove intentional discrimination in order to prevail on an ADA claim. *See, e.g., Lentini v. California Center for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004) ("It is undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of the ADA.").

While the ADA allows for a private right of action to enforce compliance, the only relief available in such an action is injunctive relief and not monetary damages. *See, e.g., Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III.").

### B. The Unruh Act

The Unruh Act is California's equivalent of the ADA, providing that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their … disability … are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." *Cal. Civ. Code §51(b)*.

The Unruh Act, unlike the ADA, entitles a plaintiff to recover monetary damages. Specifically, a prevailing plaintiff is entitled to recover three times the

amount of their actual damages or, at a minimum, statutory damages of $4,000.00 per violation. *Cal. Civ. Code § 52(a)*. The plaintiff is not required to prove actual damages in order to recover the $4,000.00 statutory minimum damages. *See, e.g., Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000).

## V.   LEGAL ARGUMENT

### A.   Plaintiff's Unruh Act Claim Substantially Predominates Over His ADA Claim

Over fifty years ago the Supreme Court confirmed that, where "it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27, 86 S. Ct. 1130, 1139 (1966).[1] That is precisely the situation here, where Plaintiff's only ability to recover monetary damages is through his state law Unruh Act claim.

The monetary damages Plaintiff seeks under the Unruh Act – a minimum of $4,000.00 per violation – substantially predominate over the injunctive relief he could obtain through the ADA. Plaintiff identifies four alleged disability-access violations in his Complaint and further alleges that he believes there are other violations that he has not yet discovered. *See Complaint ¶¶13, 15*. If four violations ultimately were proven to exist, Plaintiff would be entitled to a minimum monetary award of $16,000.00.[2] His monetary damages obviously would be greater if he were

---

[1] Although *Gibbs* was decided prior to the enactment of 28 U.S.C. §1367(c), this Circuit has previously confirmed that the analysis of *Gibbs* remains applicable. *See, e.g., Acri v. Varian Assocs. Inc.*, 114 F.3d 999, 1001 (9th Cir.1997); *Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120, 1131 (S.D. Cal. 2005).

[2] In order to "sweeten the pot" of his potential recovery, Plaintiff seeks additional "deterrence damages" under the Unruh Act of $4,000.00 per violation. *See Complaint, p. 10 (Prayer ¶3)*.

- 6 -

able to prove his allegation that additional violations exist at the Property. In contrast to these monetary damages, Plaintiff may only obtain injunctive relief under the ADA.

Given this substantial difference in available remedies between Plaintiff's federal and state law claim, Defendants request the Court join multiple other federal courts in California who have declined to exercise supplemental jurisdiction over Unruh Act causes of action in analogous cases. *See, e.g., Schutza*, 262 F.Supp.3d at 1030 (plaintiff's pursuit of $36,000.00 in potential Unruh Act damages substantially predominated over ADA claim); *Organization for Advancement of Minorities with Disabilities*, 406 F. Supp. 2d at 1131 ($56,000.00 in Unruh Act damages found to predominate over ADA claim); *Molski v. Hitching Post I Rest., Inc.*, No. CV 04-1077SVWRNBX, 2005 WL 3952248, at *7 (C.D. Cal. May 25, 2005) (same analysis).

### B.  Exceptional Circumstances Support Declining Supplemental Jurisdiction

Plaintiff's decision to file this action is part of his clear *modus operandi* to avoid the prerequisites and additional filing fees that have been implemented by California to curb these precise types of predatory lawsuits. The California Legislature has taken specific efforts to curtail serial litigants like Plaintiff Rutherford from filing construction-related accessibility complaints against small businesses.

Specifically, in 2015 the California Legislature found and declared the following:

- 54 percent of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms; and
- 46% of all construction-related accessibility complaints filed during this time were filed by a total of 14 parties.

*Cal. Code Civ. Proc. §425.55(a)(2)*. The Legislature further noted the following:

> These lawsuits were frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking cash settlements rather than correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336).

*Id.*

Given these circumstances, the Legislature believed "additional safeguards" should apply for lawsuits filed by a "high-frequency litigant." *Cal. Code Civ. Proc. §425.55(b)*. The Legislature defined a "high-frequency litigant" as, among other persons, a "plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." *Cal. Code Civ. Proc. §425.55(b)(1)*.

California Code of Civil Procedure section 425.50 sets forth the requirements for construction-related accessibility complaints (not alleging physical injury or property damage) that are filed by a "high-frequency litigant." This code section requires the complaint include the following information:

(i) A plain language explanation of the specific access barrier or barriers the individual encountered, or by which the individual alleges he or she was deterred, with sufficient information about the location of the alleged barrier to enable a reasonable person to identify the access barrier.

(ii) The way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual, on each particular occasion.

      (iii)    The date or dates of each particular occasion on which the claimant encountered the specific access barrier, or on which he or she was deterred.

      (iv)    Whether the complaint is filed by, or on behalf of, a high-frequency litigant;

      (v)    The number of complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the 12 months prior to filing the complaint;

      (vi)    The reason the individual was in the geographic area of the defendant's business; and

      (vii)    The reason why the individual desired to access the defendant's business, including the specific commercial, business, personal, social, leisure, recreational, or other purpose.

*Cal. Code Civ. Proc. §425.50(a)*.

      The complaint also must be verified. *Cal. Code Civ. Proc. §425.50(b)(1)*. And, perhaps most importantly, high-frequency litigants are to pay a filing fee of $1,000.00 at the time they file a complaint alleging a construction-related accessibility claim. *Cal. Gov. Code §70616.5(a)-(b)*.

      Plaintiff clearly filed this action – and hundreds of others – to avoid these requirements. In the year prior to filing this lawsuit, Plaintiff has filed 332 lawsuits in this District alleging disability discrimination. *RJN, Ex. A*. It does not appear that one of these cases has ever been decided on the merits. **<u>He filed a whopping 91 cases during the three months preceding the filing of this action, including eight other identical lawsuits filed on the same day as this case was filed</u>**. *RJN, Ex. A*. Defendants submit that Plaintiff's actions clearly illustrate he is forum-shopping to avoid California's heightened pleading requirements, having to file a verified complaint, and avoid paying the $1,000.00 filing fee that he would be subjected to as a "high frequency litigant," as defined by the California legislature.

As the Honorable Irma Gonzalez (Ret.) concluded in the analogous case of *Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant,* 406 F. Supp. 2d 1120 (S.D. Cal. 2005), Plaintiff's actions are the definition of forum-shopping that should be discouraged by the Court:

> Of the 178 ADA cases [Plaintiff] Singletary has filed in the Southern District of California, not one has ever been decided on the merits. Singletary's approach is identical to that of a vexatious litigant in the Central District of California: "sue, settle, and move on to the next suit." *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 866 (C.D.Cal.2004). It is unclear what advantage Singletary gains by being in federal court. His sole remedy under the ADA, injunctive relief, is also available under the Unruh Act and the California DPA. ***As far as the Court can tell, Singletary's sole purpose for attaching an ADA claim is to get his state claims into federal court. This is forum-shopping plain and simple, and discouraging forum-shopping is a legitimate goal for the federal courts***. *Hanna v. Plumer*, 380 U.S. 460, 466, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Serious questions of forum shopping necessarily arise "[t]o the extent that the federal claim is used as a bootstrap, merely to facilitate the choice of a federal forum over the pendent state claim." *Hamilton v. Roth*, 624 F.2d 1204, 1212 (3d Cir.1980).

*Id.* at 1131 (emphasis added); *see also Schutza*, 262 F.Supp.3d at 1031-1032 (declining supplemental jurisdiction in an analogous case involving a plaintiff who had filed 127 disability discrimination lawsuits in federal court).

## VI.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's Unruh Act claim and compel him to bring that claim where it belongs: in California Superior Court.

DATED: December 22, 2020   LAW OFFICES OF ROBERT L. HILL, APC

       /s/ Robert L. Hill
       ROBERT L. HILL

*Attorneys for Defendants Jayanti P. Desai, Smita J. Desai, Sarju J. Desai, and Sejai R. Desai*